**MANDATE**

08-1532-cv (L) 08-1534-cv (Con)
Young v. General Motors Investment Management Corp.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 2 8 2009

SD NY (NYNY)
07.cv.1994
Jones
Mass

MAY 2 8 2009

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of May, two thousand and nine.

Present:    ROSEMARY S. POOLER,
            SONIA SOTOMAYOR,
                    Circuit Judges,
            MARK R. KRAVITZ,[*]
                    District Judge.



APRIL H. YOUNG, ALONZO YOUNG, MICHAEL MATTHEWS, RICK A. JENNINGS, and MARY M. BREWER, individually and on behalf of all others similarly situated,

Plaintiffs-Appellants,

-v-                                    08-1532-cv(L) & 08-1534-cv(con)

GENERAL MOTORS INVESTMENT MANAGEMENT CORPORATION,

---

[*] The Honorable Mark R. Kravitz, United States District Court for the District of Connecticut, sitting by designation.

ISSUED AS MANDATE: MAY 2 7 2009

STATE STREET BANK and TRUST COMPANY,

           Defendants-Appellees.

---

Appearing for Appellants: Gregory Y. Porter, McTigue & Porter LLP, Washington, DC, (David S. Preminger, Rosen Preminger & Bloom LLP, New York, NY, on the brief).

Appearing for Appellee General Motors Investment Management Corp.: Timothy A. Duffy, Kirkland & Ellis LLP, Chicago, IL (Robert J. Kopecky and John W. Reale, Kirkland & Ellis LLP, Chicago, IL, and James Lee, Kirkland & Ellis LLP, New York, NY, on the brief).

Appearing for Appellee State Street Bank and Trust Co.: Wilber H. Boies, McDermott Will & Emery LLP, Chicago, IL (Nancy G. Ross and Chris Scheithauer, McDermott Will & Emery LLP, Chicago, IL, and Andrew B. Kratenstein, McDermott Will & Emery LLP, New York, NY, on the brief).

Appearing for Amicus Curiae on behalf of Plaintiffs-Appellants: Elizabeth S. Goldberg, Attorney, U.S. Dept. of Labor, (Timothy D. Hauser, Associate Solicitor for Plan Benefits Security; Natheniel I. Spiller, Counsel for Appellate and Special Litigation, on the brief), for Gregory F. Jacob, Solicitor of Labor.

United States District Court for the Southern District of New York (Jones, J.)

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Plaintiffs-appellants April H. Young, Alonzo Young, Michael Matthews, Rick A. Jennings, and Mary M. Brewer appeal from two judgments of United States District Court for the Southern District of New York (Jones, J.), dismissing their class action complaints against defendant-appellees General Motors Investment Management Corporation ("GM") and State Street Bank and Trust Company ("State Street), that alleged breach of fiduciary duty claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001 et seq., as time-barred. The district court did not consider defendants' alternative argument that the action should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. We assume the parties' familiarity with the facts, procedural background, and specification of issues on appeal.

We review a district court's grant of a motion to dismiss de novo, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted). To survive a motion to dismiss, "the plaintiff must provide the grounds upon which [her] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98

(2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiffs claim that defendants breached their fiduciary duties in managing the retirement plans of General Motors Company and one of its subsidiaries. Plaintiffs allege in their complaint that defendants offered undiversified single-equity funds that they "knew or should have known . . . [were] too risky and volatile [as] investment[s] for a pension plan . . . designed to provide retirement income." The complaint further provides that defendants' investment in the single-equity funds was inconsistent with "modern portfolio theory, which holds that diversification across and within assets classes is the optimum way to balance risk and return." Plaintiffs also allege that GM "knew or should have known that fees and expenses for Fidelity Funds were excessive as compared to alternative investments [since] . . . similar investment products were available with substantially lower fees and expenses." Plaintiffs allege that investment in the Fidelity Funds "caused the Plans to lose millions of dollars a year in excess fees."

ERISA section 404(a)(1) requires a fiduciary to "diversif[y] the investments of the plan so as to minimize the risk of large losses." 29 U.S.C. § 1104(a)(1)(C). The language of this section contemplates a failure to diversify claim when a plan is undiversified as a whole. Plaintiffs only allege that individual funds within the plan were undiversified. The complaint's narrow focus on a few individual funds, rather than the plan as whole, is insufficient to state a claim for lack of diversification. Although plaintiffs argue that the failure to diversify is a fact-intensive inquiry that ordinarily cannot be resolved on the pleadings, plaintiffs' claim cannot survive defendants' motion to dismiss in the absence of allegations that suggest the fund was undiversified as a whole.

ERISA section 404(a)(1) also provides that a fiduciary must act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). Plaintiffs' excessive fees claim is one of imprudent investment. While ERISA section 404(a) does not specifically address excessive fee claims, we are not without guidance. Cf. Pocchia v. NYNEX Corp., 81 F.3d 275, 278 (2d Cir. 1996) ("Because [29 U.S.C. § 1104(a)] does not enumerate or elaborate in any detail on the duties owed by a fiduciary to a plan beneficiary, the courts have been called upon to define the scope of a fiduciary's responsibilities.").

We consider the standard for excessive fee claims articulated in the context of the Investment Company Act ("ICA") useful for reviewing plaintiffs' claim that excessive fees violated ERISA. See Gartenberg v. Merrill Lynch Asset Mgmt., 694 F.2d 923, 928 (2d Cir. 1982) (stating that to establish a valid excessive fees claim, "the adviser-manager must charge a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining"); Krinsk v. Fund Asset Mgmt., Inc., 875 F.2d 404, 409 (2d Cir. 1989) (articulating a six-factor test for analyzing whether a mutual fund fee is excessive). Plaintiffs fail to allege that the fees were excessive relative "to the services rendered." See Gartenberg, 694 F.2d at 928. Plaintiffs also allege no facts concerning other factors relevant to determining whether a fee is excessive under the circumstances. See Krinsk, 875 F.2d at 409. Consequently, plaintiffs do not provide a basis

upon which to infer that defendants' offering of the Fidelity Funds was a breach of their fiduciary duties.

Plaintiffs' other arguments as to the sufficiency of the pleadings are without merit. Because we find that plaintiffs' complaint fails to state a claim upon which relief can be granted, we do not reach the question of whether this action was time-barred. See United States v. Yousef, 327 F.3d 56, 156 (2d Cir. 2003) ("We are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." (quotation marks omitted)). For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: *[signature]*

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by_____
DEPUTY CLERK